UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose L.M.S.,

Petitioner,

v.

Pamela Bondi, *in her official capacity as Attorney General of the United States*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Todd M. Lyons, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-474 (DWF/LIB)

MEMORANDUM
OPINION AND ORDER

INTRODUCTION

This matter is before the Court on Petitioner Jose L.M.S.'s petition for a writ of habeas corpus alleging that he is in custody in violation of the Constitution and laws of the United States (the "Petition"). (Doc. No. 1.) Respondents oppose. (Doc. No. 5.) For the reasons set forth below, the Court grants the Petition and orders Respondents to immediately release Petitioner.

BACKGROUND

Petitioner is a twenty-year-old citizen of Ecuador who entered the United States without inspection as a juvenile on or about May 17, 2024, seeking asylum and

protection.  (Doc. No. 1 ¶¶ 1, 17.)  Upon arrival, Petitioner was detained within the interior of the United States by Respondents, who released him on his own recognizance.  (*Id.* ¶ 1.)  When Petitioner was released, it was determined that he was neither a flight risk nor a danger to the community, and he was instructed to appear at regular appointments with the Department of Homeland Security ("DHS").  (*Id.* ¶ 2.)  Petitioner adhered to that schedule.  (*Id.*)  After Petitioner's release from DHS custody, he was issued a Notice to Appear and placed in full removal proceedings on June 20, 2024.  (*Id.* ¶ 3.)

On April 2, 2025, a district judge in Hennepin County determined that Petitioner qualifies as an at-risk juvenile under Minn. Stat. § 257D.01, subd. 4 based on abuse, abandonment, and neglect by his parents, and that it was not in his best interests to return to Ecuador.  (*Id.* ¶¶ 4, 33.)  The Hennepin County district judge established Petitioner's brother as his legal guardian under § 257D until Petitioner's twenty-first birthday on September 30, 2026.  (*Id.* ¶ 33.)

On May 13, 2025, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal.  (*Id.* ¶¶ 1, 6, 34.)  He has not yet been scheduled for a final hearing on his asylum application.  (*Id.* ¶ 34.)  Petitioner also filed a Form I-360 for Special Immigrant Juvenile Status ("SIJS"), which was approved on September 23, 2025.  (*Id.* ¶¶ 5, 33.)[1]

---

[1]     The purpose of SIJS is to confer on vulnerable young people the right to seek lawful permanent resident ("LPR") status, while remaining in the United States through the process of adjustment of status.  *See* 8 U.S.C. § 1255(h).

Petitioner has no criminal history. (*Id.* ¶ 36.) Petitioner also asserts that he has built ties to stay in the United States, attended all of his immigration court and ICE appointments, and now has a path to lawful permanent residence through his approved petition for SIJS. (*Id.* ¶ 2.) Specifically, Petitioner will be eligible to file an application for adjustment of status to permanent residence once his priority date of April 22, 2025, becomes current. (*Id.* ¶ 35.)

On January 20, 2026, while appearing for a scheduled appointment with DHS, Petitioner was detained. (*Id.* ¶¶ 2, 37.) He is currently being detained in Fort Snelling, Minnesota. (*Id.* ¶¶ 13, 37.) Respondents claim authority to detain him under 8 U.S.C. § 1225(b)(2)(A). (*Id.* ¶¶ 1, 38; *see also* Doc. No. 5.)

Petitioner filed the Petition on January 20, 2026. (Doc. No. 1 at 25.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is patently unlawful because it violates due process, the Administrative Procedures Act, and the Immigration and Nationality Act ("INA"). (*Id.* ¶ 61.) Petitioner requests release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226 within seven days, and fees and costs under the Equal Access to Justice Act. (*Id.* at 25.) On January 20, 2026, the Court ordered Respondents to answer the Petition on or before January 23, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 3.) The Court granted an extension giving Respondents until 5:00 p.m. CT (Doc. No. 6) and Respondents timely filed a response, arguing that Petitioner is subject to mandatory under 8 U.S.C. § 1225. (Doc. No. 5.)

## DISCUSSION

I. **Legal Standard**

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

II. **Analysis**

   A. **Detention**

Within federal immigration law, two statutes govern the detention of noncitizens pending removal proceedings—8 U.S.C. §§ 1225 and 1226. Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted" or who "arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Under that section, "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted," the noncitizen must be detained during the pendency of their removal proceedings. *Id.* § 1225(b)(2)(A). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Respondents argue that Petitioner is an "applicant for admission" because he was never lawfully admitted to the United States and is therefore still "seeking admission." As the Court explained in *Victor S.M. v. Noem*, the plain language of the statute dictates otherwise. No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Petitioner has been in the United States for roughly a year and eight months—he is not "arriving," he is already here. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"); *Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026) (finding that § 1226(a) applied to a noncitizen who had been in the country for less than two years). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

In their response, Respondents acknowledge that their arguments in support of deeming detention under these circumstances as mandatory under § 1225 are before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248. The Court has already considered the *Avila* appeal and found the arguments unpersuasive. *Victor S.M.*, 2026 WL 161445, at *2; *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026). In addition, Respondents submit additional authority that they claim supports their interpretation of § 1225. (Doc. No. 5 at 3-7.) Specifically, Respondents cite primarily to cases outside of this Circuit, or, if in this Circuit, outside of the District of Minnesota. In addition, Respondents cite to cases in this District that adopt a minority view. (*Id.*) The Court respectfully disagrees with the decisions in those cases and

continues to find that § 1226 applies to Petitioner as a noncitizen already present in the country.

### B. Remedy

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M.*, 2026 WL 25627, at *3 (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 3), Respondents did not do so. (*See* Doc. No. 5 (addressing only the legality of Petitioner's continued confinement, not the legality of his arrest).) The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

### ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

    a. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

      b.      Respondents are **ORDERED** to immediately release Petitioner from detention.

      c.      Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update concerning Petitioner's release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 25, 2026           s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge